```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```

STEVEN J. CRAMER,                    1:15-CV-00769 (MAT)
        Plaintiff,                   **DECISION AND**
                                     **ORDER**

    -vs-

NANCY A. BERRYHILL, Acting
Commissioner of Social
Security,

        Defendant.

## I. Introduction

Plaintiff Steven J. Cramer ("plaintiff") brings this action pursuant to 42 U.S.C. § 405(g), alleging that defendant Nancy A. Berryhill, the Acting Commissioner of Social Security ("Commissioner" or "defendant"), improperly denied his application for disability insurance benefits. Currently before the Court are the parties' competing motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. The parties' motions were referred to Magistrate Judge Michael J. Roemer for consideration of the factual and legal issues presented, and to prepare and file a Report and Recommendation ("R&R") containing a recommended disposition of the issues raised.

On May 25, 2017, Judge Roemer issued an R&R (Docket No. 11) recommending that plaintiff's motion be denied and that defendant's motion be granted. For the reasons discussed below, the Court agrees with Judge Roemer's findings and adopts the R&R in its entirety.

## II. Discussion

### A. Legal Standard

When specific objections are made to a magistrate judge's report and recommendation, the district judge makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). When no objections or only general objections are made, the district judge reviews the report and recommendation for clear error or manifest injustice. *See, e.g., DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009). After conducting the appropriate review, the district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### B. Plaintiff's Objections

In support of his motion for judgment on the pleadings, plaintiff made three arguments: (1) that the administrative law judge ("ALJ") improperly ignored the treating source opinion of Dr. Franco Vigna; (2) that the ALJ failed to properly evaluate the treating other source opinion of chiropractor Dr. David Pacana; and (3) that the ALJ failed to properly evaluate Plaintiff's credibility. Plaintiff's objections to the R&R solely relate to Judge Roemer's findings as to the ALJ's assessment of Dr. Vigna's opinion). Accordingly, the Court has considered the propriety of the ALJ's assessment of Dr. Vigna's opinion *de novo*.

### 1. Dr. Vigna's Opinion

Dr. Vigna, an orthopedist, treated plaintiff on four occasions between May 18, 2012 and August 1, 2012. At his initial appointment with plaintiff, Dr. Vigna assessed plaintiff with a work-related injury of the lumbar spine, lumbar disc desiccation, lumbar spinal stenosis, displaced lumbar disc without myelopathy, and degenerative lumbar disc. Administrative Transcript ("T.") 241-43. Dr. Vigna opined that plaintiff had a "marked 75% disability," should not lift more than ten pounds, and should avoid repetitive bending, lifting, and twisting. *Id*.

Plaintiff saw Dr. Vigna on three additional occasions. On June 1, 2012, plaintiff complained of worsening lower pack pain. T. 239-40. Dr. Vigna told plaintiff that he could engage in light exercise but should not lift more than ten pounds. *Id.* Dr. Vigna assessed plaintiff with a "75% moderate disability" and referred him to Dr. Pacana for chiropractic care. *Id*.

On June 29, 2012, plaintiff returned to Dr. Vigna and reported that Dr. Pacana had significantly improved his symptoms and that he had "not had this much relief in 16 years." T. 237-8. Dr. Vigna again assessed plaintiff with a "75% moderate disability." *Id*. Plaintiff and Dr. Vigna discussed the possibility of transferring to a job that did not require heavy lifting. *Id*.

Plaintiff's final appointment with Dr. Vigna was on August 1, 2012. T. 235-36. Plaintiff reported that he had been "feel[ing] good in terms of his low back pain," though he had experienced a

significant worsening of pain in the prior two weeks. *Id*. Dr. Vigna once again assessed a "75% moderate disability." *Id*.

## 2. The ALJ's Decision

In his decision, the ALJ determined that plaintiff had the residual functional capacity ("RFC") to perform light work, with the following additional limitations: can stand and walk for six hours in an eight hour workday; can sit for two hours in an eight hour workday; can occasionally lift and carry 20 pounds; can frequently lift and carry 10 pounds; can occasionally push or pull up to 20 pounds with his upper extremities; has occasional limitations in his ability to bend, climb stairs or ramps, stoop, squat, kneel, and/or crawl; cannot work in an area involving exposure to excessive cold or dampness. T. 21. In reaching this conclusion, the ALJ discussed plaintiff's treatment with Dr. Vigna, and specifically noted that Dr. Vigna felt that plaintiff was 75% disabled. T. 22. The ALJ did not, however, specifically assign a weight to Dr. Vigna's opinion.

## 3. Plaintiff's Argument and Judge Roemer's R&R

Plaintiff argued in his motion for judgment on the pleadings that the ALJ had ignored Dr. Vigna's opinion, resulting in a violation of the treating physician rule. Judge Roemer rejected this argument in his R&R.

As a threshold matter, Judge Roemer noted that Dr. Vigna's opinion was issued on the first occasion he saw plaintiff, prior to the establishment of a treating relationship. Judge Roemer further

found that, although the ALJ had not expressly weighed Dr. Vigna's opinion in reaching his RFC conclusion, his discussion of Dr. Vigna's treatment notes was sufficient to demonstrate that he "gave due consideration to Dr. Vigna's opinion, but ultimately found it to be less persuasive than other evidence in the record." Docket No. 11 at 15. Accordingly, Judge Roemer found that remand was not warranted.

**4. Analysis**

Having reviewed the record and having considered plaintiff's arguments *de novo*, the Court agrees with Judge Roemer that the ALJ's treatment of Dr. Vigna's opinion does not warrant remand. First, Judge Roemer correctly concluded that Dr. Vigna was not a treating physician when he rendered an opinion during plaintiff's first visit. "[A]n individual's status as a treating physician is contingent upon the existence of an ongoing treatment relationship." *Partlow v. Astrue*, 2011 WL 320955, at *4 n.7(E.D. Va. Jan. 28, 2011) (rejecting argument that an opinion rendered on an initial visit should be treated as the opinion of a treating physician). Accordingly, courts have not hesitated to conclude that "[a] single visit to a doctor is insufficient to establish a treating physician relationship and, indeed, depending on the circumstances, sometimes three to five visits will be insufficient." *Kane v. Astrue*, 2011 WL 3353866, at *6 (N.D. Ohio Aug. 3, 2011). Therefore, and as Judge Roemer noted, "'[o]pinions rendered during a physician's first visit with a claimant are not

entitled to controlling weight.'" Docket No. 11 at 15 (quoting *Hickman v. Colvin*, 2014 WL 2765670, at *12 (M.D. Tenn. June 18, 2014)).

Plaintiff argues that Judge Roemer's analysis is flawed because the Court can somehow infer that Dr. Vigna's opinion regarding plaintiff's lifting ability continued over the course of his treatment. The Court disagrees. At his third visit with Dr. Vigna, plaintiff reported a significant improvement in his condition, stating that he was experiencing more relief of his symptoms than he had in 16 years. T. 237-38. Notably, although he had previously opined that plaintiff could not lift more than ten pounds, Dr. Vigna did not include that opinion in his treatment notes following this third visit, nor did he include in his treatment notes from plaintiff's fourth and final visit. The Court therefore sees no basis in the record to infer or assume that Dr. Vigna's opinion remained static over the course of plaintiff's four visits.

Plaintiff further argues that Judge Roemer's analysis was flawed even assuming that Dr. Vigna was not a treating physician, because the ALJ's failure to explain the weight given to his opinion necessitates remand. Again, the Court disagrees. As Judge Roemer explained in his thorough R&R, while an ALJ is required to consider and weigh the medical opinion evidence of record, "[a]n ALJ's failure to cite specific evidence does not indicate that such evidence was not considered." Docket No. 11 at 15 (quoting *Brault v. Soc. Sec. Admin.*, 683 F.3d 443, 448 (2d Cir. 2012)). Moreover,

it is well-established that "the failure to explicitly assign weight to an opinion is harmless in certain situations, such as where the ALJ's decision reflects that the opinion was considered or where the limitations assessed in the opinion are ultimately accounted for in the RFC." *Hazelton v. Comm'r of Soc. Sec.*, 2017 WL 1437194, at *6 (N.D.N.Y. Apr. 21, 2017) (internal quotation omitted). The Court agrees with Judge Roemer that the ALJ's decision, which discussed Dr. Vigna's treatment and assessment of plaintiff, adequately demonstrates that Dr. Vigna's opinions were considered in determining plaintiff's RFC.

The Court's conclusion is supported by the fact that the medical evidence of record plainly substantiates the ALJ's conclusions. As the ALJ noted, plaintiff reported taking no medications whatsoever to relieve his back pain or discomfort and testified that he was able to do yard work, carry packages, and lift a 20 pound bag of potatoes. T. 24-25. Treating chiropractor Dr. Pacana opined that could occasionally lift 21 to 50 pounds (T. 354-57), while examining physician Dr. Donna Miller stated that plaintiff's restriction for heavy lifting was only mild (T. 318-21). Moreover, the ALJ's RFC finding is largely consistent with Dr. Vigna's opinion, inasmuch as it includes significant limitations with respect to plaintiff's ability to bend and engage in heavy lifting. Under these circumstances, the Court agrees with Judge Roemer that the basis for the ALJ's RFC finding is sufficiently clear that the failure to expressly weigh Dr. Vigna's opinion does not warrant remand.

**C. Review of the Remainder of the R&R**

With respect to the unobjected-to portions of the R&R, the Court has reviewed Judge Roemer's findings and recommendations for clear error and has found none. Accordingly, the Court adopts the R&R in total.

**III. Conclusion**

For the reasons set forth in Judge Roemer's thorough and well-reasoned R&R, the undersigned adopts all of his conclusions. The R&R (Docket No. 11) is hereby adopted in its entirety. The Commissioner's motion for judgment on the pleadings (Docket No. 9) is granted and plaintiff's motion for judgment on the pleadings (Docket No. 7) is denied for the reasons set forth therein. The Clerk of Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

s/Michael A. Telesca

_____
MICHAEL A. TELESCA
United States District Judge

Dated:   October 24, 2017
         Rochester, New York